Edwin S. Wall, (#7446)
WALL LAW OFFICES
8 East Broadway, Ste. 500
Salt Lake City, Utah 84111
Phone Number: (801) 523-3445

Frank N. Call (#6846)
68 South Main Street, Suite 701
Salt Lake City, Utah 84101
Phone Number: (801) 532-9909

Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEASBY, LLC, a Nevada corporation, | Judge David Sam<br>DECK TYPE: Civil<br>DATE STAMP: 08/04/2004 @ 12:51:22 |
| Plaintiff, | CASE NUMBER: 1:04CV00108 DS |
| v. | |
| MULTILIFT, INC. a Colorado corporation, | **COMPLAINT**<br>(With Jury Demand) |
| Defendant. | JUDGE:_____ |

Plaintiff, Cleasby, LLC, by and through its legal counsel, Edwin S. Wall and Frank N. Call, hereby complains and alleges against the Defendant as follows:

### JURISDICTION & VENUE

1. This is a patent infringement action brought pursuant to 35 U.S.C. § 101 *et seq.*, and more particularly, pursuant to 35 U.S.C. §§ 271, 281 *et seq.*, for the infringement of United States Patent No. 5,984,077.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338.

3. Venue is proper under 28 U.S.C. §§ 1391 & 1400.

## COUNT I
## PATENT INFRINGEMENT

4. The allegations set forth in ¶1 through ¶3 above are incorporated herein by this reference.

5. Plaintiff, Cleasby, LLC ("Cleasby") is a Nevada limited liability company.

6. Among other things, Cleasby makes, markets and sells non-conductive conveyors through related, affiliated and/or subsidiary companies, including Cleasby Manufacturing Co., Inc. of Utah ("Cleasby Manufacturing").

7. Cleasby Manufacturing is a Utah corporation that has its principal place of business in Clearfield, Utah.

8. The non-conductive conveyors made, marketed and sold by Cleasby are covered by United States Patent No. 5,984,077 (the "'077 Patent").

9. Cleasby is the owner of the '077 Patent.

10. Cleasby's ownership of the '077 Patent is registered with the United States Patent and Trademark Office.

11. A true and accurate copy of the '077 Patent is attached and incorporated hereto as "Exhibit A."

12. The '077 Patent, and the invention described therein, is of great monetary and

commercial value to Cleasby.

13. Defendant, Multilift, Inc. ("Multilift"), is a Colorado corporation.

14. Among other things, Multilift is engaged in the business of making, marketing and/or selling conveyors and conveyor parts, including a conveyor know as the "TMC-050."

15. Multilift markets, advertizes and/or sells its various products, including the TMC-050 in Utah and other places.

16. True and accurate copies of some of Multilift's marketing and advertizing materials relating to the TMC-050 are attached and incorporated hereto as "Exhibit B."

17. Multilift has and continues to distribute the advertizing and marketing materials for the TMC-050 in Utah and elsewhere.

18. Multilift's TMC-050 conveyor infringes upon the '077 Patent.

19. Multilift had actual notice and knowledge of the '077 Patent before and/or during the time Multilift began making, marketing, using and/or selling the TMC-050 conveyor.

20. Cleasby has not licensed, consent to, and/or otherwise authorized Multilift's manufacturing, marketing, use and/or sales of the TMC-050 conveyor.

21. Multilift has and continues to infringe upon the '077 Patent in violation of 35 U.S.C. § 271.

22. Multilift's infringement of the '077 Patent is willful and intentional.

23. Multilift's infringement of the '077 Patent has and is causing Cleasby financial damages.

24. Multilift is and/or has been actively inducing others to infringe upon the '077

Patent in violation of 35 U.S.C. § 271 by selling, delivering, servicing, maintaining, repairing, using and/or providing parts for the TMC-050 conveyor to various persons.

25. Multilift's past and ongoing infringing acts have and will continue to cause irreparable harm to Cleasby.

26. Multilift will continue to infringe the '077 Patent in violation of 35 U.S.C. § 271, and induce others to do so, unless enjoined by the Court.

27. Multilift's infringing acts have and will continue to cause Cleasby damages, for which no adequate remedy at law exists.

## **PRAYER FOR RELIEF**

WHEREFORE, Cleasby prays for the following relief:

1. For judgment against Multilift for infringing upon one or more of the claims of United States Patent No. 5,984,077, with such judgment taking the form of an award of damages, in an amount proven at trial, with such damages being in an amount adequate to fully compensate for the infringement, but in no event, not less than a reasonable royalty for the use made of the patented invention by Multilift.

2. For an award of treble damages against Multilift pursuant to 35 U.S.C. §284.

3. For a permanent injunction enjoining Multilift, its officers, agents, servants, employees and attorneys, and those in active concert or participation with any of the them, from:

(a) Making, marketing, advertising, offering for sale, selling, leasing, delivering, servicing, maintaining, repairing, supplying parts for, and/or using the TMC-050 and/or any other conveyors that infringe on the '077 Patent (collectively referred to as the

"infringing conveyors"); and

      (b) Inducing others to manufacture, make, market, advertise, offer for sale, sell, lease, use, repair, service, maintain, supply parts for any infringing conveyors.

4. For an order requiring Multilift to provide Cleasby with an accounting of their profits relating to their manufacturing, sale, lease, repair, supply of parts, and/or use of any infringing conveyors.

5. For an order requiring Multilift to:

      (a) At Multilift's full cost and expense, recall and regain possession of any and all infringing conveyors that Multilift may have provided, sold, leased, and/or delivered to any third party; and

      (b) At Multilift's full cost and expense, deliver all infringing conveyors in its possession or control, including any and all recalled infringing conveyors, to Cleasby for disposition by Cleasby deems appropriate.

6. For an order compelling Multilift to provide a written and sworn statement to the Court and Cleasby within 30 days after the entry of any judgment by the Court, with such statement setting forth and detailing the form and manner by which Multilift has fully complied with the judgment and orders issued by the Court.

7. For an award of interest and costs pursuant to 35 U.S.C. § 284, and/or as may otherwise be provided for by law;

8. For a declaration that this case be declared an exceptional case under 35 U.S.C. § 285, thereby entitling Cleasby to an award of its attorneys fees in this matter; and

9. For any other relief to which Cleasby may be entitled.

## DEMAND FOR JURY TRIAL

Cleasby hereby demands a trial by jury in this action.

DATED: 8/4/04

Edwin S. Wall, (#7446)
WALL LAW OFFICES
8 East Broadway, Ste. 500
Salt Lake City, Utah 84111
Phone Number: (801) 523-3445

Frank N. Call (#6846)
68 South Main Street, Suite 701
Salt Lake City, Utah 84101
Phone Number: (801) 532-9909

Attorneys for the Plaintiff